


**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ALBERT J. ISAAC and ROSETTA W. ISAAC,** | * | |
| **Plaintiffs** | * | |
| | * | |
| **vs.** | * | **Civil Action No.:** |
| | * | **CV-12-TMP-2030-S** |
| **RMB, INC., et al.,** | * | |
| **Defendants** | * | |

## DEFENDANT, CLOUD & TIDWELL, LLC'S RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Comes Now Cloud & Tidwell, LLC, a Defendant in the above styled civil action and in the response to the Motion for Summary Judgment heretofore filed by the Plaintiffs, Albert J. Isaac and Rosetta W. Isaac would respectfully show unto this Honorable Court as follows:

### 1. THE MATERIAL FACTS ARE NOT IN DISPUTE

Cloud & Tidwell suggests to the Court that this is one of those rare cases where the material facts are not in dispute.

There are six counts in the Complaint. The first four are for various alleged violations of the Fair Debt Collection Practices Act. Counts One and Two are for harassment and abuse under 15 U.S.C. § 1692d(5) and §1692c(c). The thrust of both claims is that Cloud & Tidwell, LLC continued to place collection calls to the Plaintiffs after receipt of a cease and desist

correspondence. Counts Three and Four are brought under separate sections of the Fair Debt Collection Practices Act, specifically 15 U.S.C. § 1692e(11) and § 1692d(6). Both of these claims are premised upon an alleged failure of Cloud & Tidwell to make legally required disclosures when contacting the Isaac residence. Count Five is for negligent supervision. The Isaacs claim Cloud & Tidwell has failed to adequately train and supervise the employees who collected this account. The last count is for an alleged violation of Alabama's criminal laws forbidding harassing communications. It is brought pursuant to Alabama Code § 13A-11-8(b)(1)(a)(b).

Cloud & Tidwell, LLC called the Plaintiffs' home fifty-one times over 6 months following receipt of a cease and desist letter from the Plaintiffs.

Plaintiffs were not the person with whom Cloud & Tidwell was attempting to communicate and Plaintiffs never spoke to anyone at Cloud & Tidwell. A Cloud & Tidwell employee left one message on the Plaintiffs' phone. In reviewing the phone calls recorded by the Isaacs, Mr. Isaac's method of answering the call caused the automated dialer system used by Cloud & Tidwell to interpret his response as voice mail picking up the call and the call was then terminated.

Cloud & Tidwell has policy and procedure in place to handle the receipt of cease and desist letters and actively trains all of its collectors on the

requirements and applications of the FDCPA. Each collector must prove they understand the requirements of the FDCPA before they are allowed to handle collection calls. There is no evidence that the policy and procedure used by Cloud & Tidwell is insufficient or lacking. In this case, there was simply a clerical error made by Cloud & Tidwell.

The Plaintiffs' only evidence regarding their claim that Cloud & Tidwell was somehow negligent in the training and supervision of its employees is that Cloud & Tidwell made calls to the Plaintiffs after receipt of the cease and desist letter and that Cloud & Tidwell left one voice mail message on the Plaintiffs' phone.

The Plaintiffs have made it clear they never spoke to a single employee at Cloud & Tidwell, not a single individual hired, trained, or supervised by Cloud & Tidwell has ever uttered a word to either Mr. or Mrs. Isaac. One employee left a message on the Plaintiffs' answering machine, but there is no allegation that this employee failed to make the disclosures required by the FDCPA. Each call placed to the Plaintiffs' residence was done so by an automated dialer; no employee even dialed the Plaintiffs' telephone number.

There was no intent to violate the FDCPA and in fact, Cloud & Tidwell always intends to comply with the requirements of the FDCPA. The fact that a mistake was made does not in and of itself show that Cloud &

Tidwell's policies are somehow ineffective or lacking. The question is whether the policy and procedure is reasonably designed to avoid a potential violation. There is no evidence before the court that the policy and procedure is not.

**EVEN WHEN VIEWED IN A LIGHT MOST FAVORABLE TO THE PLAINTIFFS, THE UNDIPUTED FACTS DO NOT JUSTIFY THE ENTRY OF A JUDGMENT IN FAVOR OF THE PLAINTIFFS**

The Plaintiffs apparently think that the fact that calls were made to their home after receipt of a cease and desist letter from the Plaintiffs is sufficient to recover under each count of their complaint. Even in a light most favorable to the Plaintiffs the undisputed facts show that Plaintiffs action must fail as a matter of law.

Plaintiffs' claim for negligent supervision and alleging the crime of harassment both must fail as a matter of law. To establish a claim for reckless and wanton training and supervision, a plaintiff must prove 1) the employer had actual notice of the negligent conduct or would have gained such notice if it exercised due and proper diligence; and, 2) the employer failed to respond to this notice adequately. *Shuler v. Ingram & Assoc.*, 710 F.Supp.2d 1213 (N.D. Ala. 2010); *see also Edwards v. Hyundai Motor Mfg. Ala., LLC*, 603 F.Supp.2d 1336, 1357 (M.D. Ala.2009); *Voyager Ins. Cos. v. Whitson*, 867 So.2d 1065, 1070-71 (Ala. 2003). The undisputed facts are

completely devoid of the necessary elements to prove a claim for negligent training of supervision. The mere fact that an employee called and left a FDCPA compliant message on voice mail is insufficient as a matter of law to prove this claim.

Likewise, the claim alleging the crime of harassing communications also must fail as a matter of law. A suit containing "counts which merely allege that criminal acts were committed and that the Plaintiff was thereby injured do not state a civil cause of action." *Burchfield v Industrial Chemicals, Inc.*, 2012 WL 5872808, 4 (N.D.Ala.2012). *See also Prill v. Marrone*, 23 So.3d 1 (Ala. 2009); *Martinson v. Cagle*, 454 So.2d 1383 (Ala. 1984). Counts that only allege a defendant violated a criminal statute, and that the Plaintiff incurred damages as a result, are due to be dismissed. *Burchfield* at 4. Plaintiffs allege that Cloud & Tidwell committed the criminal act of harassment through harassing communications under the Alabama Criminal Code. Plaintiffs have no standing to pursue a criminal claim in a civil suit.

It is without question that the Plaintiffs' claims based on negligent hiring, training and supervision and on the criminal statue forbidding harassing communications must fail as a matter of law based on the

undisputed facts of this case. The Plaintiffs' claims based on alleged violations of the FDCPA must also fail based on the facts before the Court.

The Isaac's set forth their argument that they are entitled to Summary Judgment based on four factors: 1) they filed their complaint within one year 2) RMB and Cloud & Tidwell received a cease and desist letter 3) RMB and Cloud & Tidwell made calls to the Isaacs after receipt of the letter and 4) the Isaacs are not Debtors. The remaining facts alleged such as the Isaac's credit standing are completely irrelevant and immaterial and do not merit discussion here.

Cloud & Tidwell recognize that the Isaacs are not attorneys; however, they are still held to the same standard of proof as a party who is represented by counsel. In this instance, they have failed to meet their burden of proof with respect to their claims under the FDCPA. In fact they have failed to even address the controlling issue and facts that render a summary judgment in their favor inappropriate.

15 U.S.C.A. § 1692k(c) provides a debt collector may not be held liable in any action brought under the FDCPA if the collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. As a general rule,

"an FDCPA defendant seeking the protection of the bona fide error defense carries the burden of proving that the violation was 1) unintentional; 2) a bona fide error; and, 3) made despite the maintenance of procedures reasonably adapted to avoid the error." *Johnson v. Riddle*, 443 F. 3d 723, 727-28 (10th Cir. 2006).

Courts have found the bona fide error defense applies to virtually any alleged FDCPA violation so long as the collector has followed reasonable policies and procedures designed to avoid those errors. *See Lewis v. ABC Business Services, Inc.*, 911 F. Supp. 290 (S.D. Ohio 1996) (bona fide error defense was established where collector violated the FDCPA by telephoning a consumer after notification that the consumer was represented by counsel); *Jenkins v. Heintz*, 124 F. 3d 824 (7th Cir. 1997) (holding that defendant debt collectors were entitled to the bona fide error defense because they were mistaken about the amount sought by their client for force placed insurance); *Hyman v. Tate*, 362 F. 3d 965 (7th Cir. 2004) (debt collection agency was entitled to bona fide error protection based on agency's mailing of a collection letter to a bankrupt debtor where agency's policies and procedures were reasonably adapted to avoid such an error); *Puglisi v. Debt Recovery Solutions, LLC*, 822 F. Supp. 2d 218 (E.D.N.Y. 2011) (debt collector was entitled to bona fide error defense for violation which occurred when it

submitted debtor's postdated check one week earlier than agreed upon without notifying the debtor when the violation was a result of an unintentional clerical error notwithstanding written procedures and extensive employee training to avoid such errors); *Mammen v. Bronson & Migliaccio, LLP*, 715 F. Supp. 2d 1210 (M.D. Fla. 2009) (continued post "cease communications" contact with debtor were bona fide errors where actions were unintentional and collector had internal procedures in place to note receipt of all letters from debtors in electronic account notes and employees were trained to use the system); *Rhinehart v. CBE Group, Inc.*, 714 F. Supp. 2d 1183 (M.D. Fla. 2010) (debt collector's error in calling debtor's father and seeking to collect debt was unintentional and occurred despite procedures reasonably adapted to avoid violation of the FDCPA and thus, collector was entitled to bona fide error defense).

Plaintiffs have made an admission in their Memorandum in opposition to Defendant Cloud & Tidwell Motion for Summary Judgment that is fatal to their Motion for Summary Judgment. In their Memorandum, they state at page 5: "The Plaintiffs do not dispute Defendant (SIC) policy and procedures." And further state:

> "The Defendant has a policy and procedure in place to handle the receipt of cease and desist letters(See Affidavit of Brian M. Cloud) to insure that important letters and parcels are not misplace

> (SIC) and are delivered to the correct person or location.
> …
> 7. The Plaintiffs do not dispute this statement."

The Plaintiffs have produced no evidence or allegation that the policy and procedure used by Cloud & Tidwell is insufficient or lacking. In this case, there was simply a clerical error made by Cloud & Tidwell. There is no evidence to the contrary. The Plaintiffs' own memorandum in support of their motion for summary judgment states that they do not dispute the fact that Cloud & Tidwell has policy and procedure in place to handle the receipt of cease and desist letter such as the Isaacs sent and therefore it logically follows that the calls made after receipt of their letter was the result of a bona fide error and that the calls were not an intentional attempt to violate the FDCPA and the undisputed evidence is that there was no intent to violate the FDCPA and Cloud & Tidwell always intends to comply with the requirements of the FDCPA. The fact that a mistake was made does not in and of itself show that Cloud & Tidwell's policies are somehow ineffective or lacking. The question is whether the policy and procedure is reasonably designed to avoid a potential violation. There is no evidence before the court that the policy and procedure is not.

Not only have the Isaacs failed to produce evidence to show the policy itself is unreasonable, they also have not produced any evidence of any

subjective intent to harass. Cloud & Tidwell has produced evidence that the calls made to the Isaac's number were the result of a bona fide error and the Isaacs have produced absolutely no evidence to rebut or refute that undisputed fact. In fact, they have conceded that Cloud & Tidwell does have policy and procedure in place to handle the receipt of cease and desist letters and have produced no evidence that a bona fide error was not the cause of the calls to their home. As such, the only evidence before the Court is that the calls to the Isaacs' home were the result of a bona fide error or mistake. As such summary judgment in favor of the Isaacs on their FDCPA claims is unwarranted, and their claims must fail as a matter of law.

WHEREFORE, the Defendant respectfully prays that this Honorable Court will enter an order denying Summary Judgment in favor of the Plaintiffs, Albert J. Isaac and Rosetta W. Isaac and Defendant prays for such other, further and different relief to which it may be entitled, the premises considered.

RESPECTFULLY SUBMITTED this 15th day of July, 2013.

S/ Jay E. Tidwell
Jay E. Tidwell
Attorney for Defendant,
Cloud & Tidwell, LLC

Cloud & Tidwell, LLC
1625 Richard Arrington, Jr. Blvd South
Birmingham, Alabama 35205
Tel.: (205) 322-6060

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served on the following by mailing copies of same by United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon to assure delivery, addressed as follows:

Albert J. Isaac
Rosetta W. Isaac
617 76th St. S
Birmingham, AL 35206-5227

Neal D. Moore, III, Esq.
Ferguson, Frost & Dodson, LLP
1400 Urban Center Drive, Suite 200
Birmingham, AL 35242

This 15th day of July, 2013.

By: /s/ Jay E. Tidwell
Jay E. Tidwell
Attorney for Defendant

Cloud & Tidwell, LLC
1625 Richard Arrington Jr. Blvd. South
Birmingham, Alabama 35205
(205)322-6060