IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALBERT J. ISAAC and ROSETTA W. ISAAC,<br>    Plaintiffs<br><br>vs.<br><br>RMB, INC., et al.,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.:<br>)    CV-12-TMP-2030-S |

## DEFENDANT CLOUD & TIDWELL, LLC'S MOTION FOR A JUDGMENT ON A PARTIAL FINDINGS AT THE CLOSE OF PLAINTIFFS' EVIDENCE

Comes Now Cloud & Tidwell, LLC, a Defendant in the above styled civil matter and moves this Honorable Court pursuant to Fed. R. Civ. P. 52(c) ("FRCP") to enter a judgment on the partial finding in its favor at the close of Plaintiffs' evidence. FRCP Rule 52(c) provides:

> [i]f during a trial without a jury a party has been fully heard on an issue and the court finds against the party on that issue, the court may enter judgment as a matter of law against that party with respect to a claim, that cannot under the controlling law be maintained or defeated without a favorable finding on that issue, or the court may decline to render any judgment until the close of all evidence.

Fed. R. Civ. P. 52(c). When deciding whether to enter judgment on partial findings under Fed. R. Civ. P. 52(c), a district court is not required to draw any inferences in favor of non-moving party, but the court may make

findings in accordance with its own view of evidence; and enter a judgment supported by specific findings of fact and separate conclusions of law. *Akerley v North Country Stone, Inc.*, 620 F Supp 2d 591 (D. Vt. 2009).

## DEFENDANT CLOUD & TIDWELL, LLC IS ENTITLED TO A JUDGMENT ON THE PARTIAL FINDING

1.  This Court has previously ordered that the Plaintiffs' claims against this Defendant are limited to claims under 15 U.S.C. §§1692c(c) and 1692e(11) of the Fair Debt Collection Practices Act ("FDCPA").

2.  15 U.S.C. § 1692c(c) of the act provides:

If a **consumer** notifies a debt collector in writing that the **consumer** refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the **consumer**, the debt collector shall not communicate further with the **consumer** with respect to such debt, except—
**(1)** to advise the **consumer** that the debt collector's further efforts are being terminated;
**(2)** to notify the **consumer** that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
**(3)** where applicable, to notify the **consumer** that the debt collector or creditor intends to invoke a specified remedy.
If such notice from the **consumer** is made by mail, notification shall be complete upon receipt.

(emphasis added)

3.  15 U.S.C. § 1692e(11) of the FDCPA provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any

2

debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**(11)** The failure to disclose in the initial written communication with the **consumer** and, in addition, if the initial communication with the **consumer** is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

(emphasis added)

4.  Defendant, Cloud & Tidwell, LLC, is entitled to a judgment. The Plaintiffs have been fully heard on their case in chief and the court may enter judgment as a matter of law against the Plaintiffs with respect to the Plaintiffs' claim under 15 U.S.C. §§1692c(c) and 1692e(11) because the Plaintiff cannot maintain such an action since the evidence produced by the Plaintiffs fails to show that the Plaintiffs have standing to bring actions. Alternatively, the Plaintiffs have failed to prove each element of an action brought under 15 U.S.C. §§1692c(c) and 1692e(11). Therefore, the Plaintiffs' claims must be dismissed and Defendant is entitled to a judgment as a matter of law.

5.  The analysis of the Plaintiffs' lack of standing must begin by reviewing the definition of "consumer" as that term is used in both 15 U.S.C. §§1692c(c) and 1692e(11), as both sections of the act refer to ceasing

communication with the "consumer" and a failure to advise the "consumer" that the communication is from a Debt Collector. "Consumer" is defined in §1692a(3) of the FDCPA as: "any natural person obligated or allegedly obligated to pay any debt."

6. The Plaintiffs' testimony completely fails to establish that the Plaintiffs are, with respect to their claims brought against Cloud & Tidwell, LLC, "consumers" as that term is defined by the FDCPA. The Plaintiffs have testified that they did not owe any debt that was delinquent, that the calls to the Isaac's home were calls directed to someone other than the Plaintiffs and that Cloud & Tidwell, LLC was apparently calling a wrong number, or attempting to reach someone other than the Plaintiffs. As such, the Plaintiffs have not proven that they are "consumers" to whom the protection of these two sections of the FDCPA is directed.

### I. PLANTIFFS ARE NOT CONSUMERS UNDER THE FDCPA AND LACK STANDING TO BRING CAUSES OF ACTIONS UNDER 15 U.S.C. §§1692C(C) AND 1692E(11).

These serial litigants are not consumers under the FDCPA and lack standing to assert causes of action under 15 U.S.C. §§1692c(c) and 1692e(11). The court in *Montgomery v. Huntington Bank,* 346 F. 3d 693 (6th Cir. 2003) stated "only a 'consumer' has standing to sue for violations under 15 U.S.C. §1692c." A "consumer," under the FDCPA, is defined as "any

natural person obligated or allegedly obligated to pay any debt." *15 U.S.C. § 1692a(3)*.

In this district, Judge Kallon held that a debt collector cannot be held liable under 15 U.S.C. § 1692a(2) or 1692g(a) because the plaintiff was not a "consumer". *Stinson v. Receivables Management Bureau, Inc.*, 2013 U.S. Dist. Lexis 41891 (N.D. Ala. 2013). The *Stinson* court held the plaintiff's "*§ 1692d(5)* claim fails also because, **as a non-"consumer," he lacks standing to raise claims against a debt collector under FDCPA §§ 1692c-g** and *1692j.*" (Emphasis added). *Stinson v. Receivables Management Bureau, Inc.*, 2013 U.S. Dist. Lexis 41891, *11 (N.D. Ala. 2013). Judge Kallon's order would apply to both of the Plaintiffs' claims in this case under §§1692c(c) and 1692e(11).

More specific to our present case, in *Sclafani v. BC Services, Inc.*, 2010 U.S. Dist. LEXIS 115330, *3 (S.D. Fla. 2010), the court held:

> [Plaintiff] alleges that [Defendant] violated *§ 1692e(11)* by failing to disclose in its voice messages that it was a debt collector. The Court finds that [Plaintiff] cannot state a claim under *§ 1692e(11)* because he is not a "consumer" under *§ 1692a(3)*, and thus is not entitled to bring a claim under *§ 1692e(11)*.

*Id.* While not addressing a specific *§ 1692e(11) claim,* in the *Stinson* case the collection agency was attempting to contact, and collect a debt from

5

someone other than the Plaintiff Stinson, similar to the case before this Court. *Stinson v. Receivables Management Bureau, Inc.*, 2013 U.S. Dist. Lexis 41891, (N.D. Ala. 2013). The debt collector made at least sixty-seven calls to Stinson's number, seeking to speak with a Michael Bole and left messages thirty-seven times. *Id.* In *Stinson*, the plaintiff never answered any of the calls and never advised the collector that it had an incorrect number. The plaintiff in *Stinson* alleged violations of multiple sections of the FDCPA. In granting summary judgment to the debt collector on all claimed FDCPA violations Judge Kallon stated:

> the evidence presented establishes that Stinson is not a "consumer" under the FDCPA since he did not owe the debt. Therefore, he has no standing to raise a claim under *§ 1692c(b)*.

*Stinson*, *18. Since the plaintiff in *Stinson* was not the "consumer" he lacked standing to bring claims under multiple sections of the FDCPA that are directed at providing protection to a "consumer". That is exactly the situation in the case at bar. *Id.*

The Plaintiffs' claims in this case must fail as they have not proven that they were the "consumer" to which the protections of §§1692c(c) and 1692e(11) are provided. This lack of standing is fatal to the Plaintiffs' case. Since it is uncontroverted that the Plaintiffs were not the "consumer" to whom Cloud & Tidwell's calls were directed, they lack standing to bring

claims under these two sections of the FDCPA that both provide protection to "consumers". As the Plaintiffs lack standing, this Honorable Court does not have subject matter jurisdiction over the Plaintiffs' claims and Defendant Cloud & Tidwell, LLC is entitled to a judgment on the partial finding, dismissing the Plaintiff's case with prejudice. In support of the standing issue the *Stinson* court cites: *Meadows v. Franklin Collection Service, Inc.*, No. 7:09-cv-00605-LSC, 2010 U.S. Dist. LEXIS 72340, 2010 WL 2605048 (N.D. Ala. 2010) *reversed in part on other grounds by Meadows v. Franklin Collection Service, Inc.,* 414 F. App'x 230 (11th Cir. 2011) which hold that if the plaintiff is not a consumer under the FDCPA then he lacks standing to maintain his action. In *Frazer v. IPM Corp. of Brevard, Inc.*, 767 F. Supp. 2d 1369 (N.D. Ga. 2011), the court held that the plaintiff lacks standing if he is not a consumer under the FDCPA definition. *Deuel v. Santander Consumer USA, Inc.,* 700 F. Supp. 2d 1306 (S.D. Fla. 2010) also holds a non-consumer plaintiff lacks standing to bring an action under the FDCPA sections which provide protection to 'consumers". "Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P 12(b)(1). Under Rule 12 of the Federal Rules of Civil Procedure, a court must dismiss an action if the court determines at any time that it lacks

subject matter jurisdiction." *Frazer v. IPM Corp. of Brevard, Inc.,* 7787 F. Supp. 2d 1369 (N.D. Ga. 2011).

In our present case, the Plaintiffs are not consumers under 15 U.S.C. § 1692a(3), and thus are neither entitled to bring a claim under 15 U.S.C. §§ 1692e(11) nor 1692c(c). By their own testimony, they are not "consumers" in that they were not obligated or allegedly obligated to pay the debt that Cloud & Tidwell, LLC was attempting to collect. The Plaintiffs have testified that Cloud & Tidwell never asked for either one of the Isaacs, instead, always leaving messages for a third party other than the Plaintiffs. Plaintiffs have further testified that they were not debtors, that they paid their bills and that the calls were not an attempt to collect a debt from the Isaacs. The plain language of the statute states clearly that the protections of §§1692c(c) and 1692e(11) extend only to "consumers". As such, Plaintiffs' claims under 15 U.S.C. § 1692c(c) and 15 U.S.C. §1692e(11) fail because Plaintiffs lack standing to bring or maintain such a claims.

II. **PLANTIFFS FAIL TO PROVE BY PREPONDERENCE OF EVIDENCE CAUSES OF ACTIONS UNDER 15 U.S.C. §§1692C(C) AND 1692E(11) AGAINST DEFENDANT CLOUD & TIDWELL, LLC.**

Plaintiffs have not proven that they were consumers who would even have standing to bring an action under either 15 U.S.C. § 1692c(c) and 15 U.S.C. §1692e(11). Plaintiffs are not consumers!

Alternatively, should the court consider the Plaintiffs consumers under the FDCPA, Plaintiffs still have not met their burden under either 15 U.S.C. § 1692c(c) and 15 U.S.C. §1692e(11). For the Plaintiffs' to prove an FDCPA claim, they must prove that they have been "the object of collection activity arising from consumer debt...." *Hunt v. 21st Mortg. Corp.*, 2012 U.S. Dist. LEXIS 127369, *5 (N.D. Ala. 2012) (*quoting Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360 (S.D. Fla. 2000)). Plaintiffs have offered no evidence that they were the object of Cloud & Tidwell's collection activity, and it is undisputed that they had no obligation to pay the debt of Elva Whitman (or the person for whom C & T left a voice mail message). *See Sylvester v. GE Capital Retail Bank*, 2012 U.S. Dist. LEXIS 114336, *2 (M.D. Fla. 2012) (dismissing a plaintiff's FDCPA claim when there were no allegations that the plaintiff was obligated to pay the debt). As the Plaintiff's testimony shows, the Plaintiffs received phone calls for a period of time and then sent a "do not call" letter. Thereafter, the Plaintiffs did not receive calls for over 160 days and then those calls recommenced. No second "do not call" letter was sent by Plaintiffs. Furthermore, Plaintiffs neither claimed to owe the debt that Cloud & Tidwell, LLC was attempting to collect upon nor did Plaintiffs specifically identify the name of the person to whom Cloud & Tidwell, LLC sought in the message that was left.

Plaintiff did notify Cloud & Tidwell, LLC in writing to stop calling their home phone number. However, Plaintiffs are not consumers under the FDCPA definition, but more importantly Defendant did stop the phone calls for a period of some 160 days then commenced the phone calls again. Plaintiffs did not send another "do not call" letter once the phone calls started again for the second time.

Plaintiffs' evidence presented establishes that Plaintiffs are not "consumers" under the FDCPA since they did not owe the debt. Therefore, the Plaintiff have no standing to raise a claim under §§ 1692c(c). Additionally, Plaintiffs' cause of action under 15 U.S.C. § 1692e(11) fails also. Plaintiffs cannot state a claim under 15 U.S.C. § 1692e(11) because they are not a "consumer" under § 1692a(3), and thus are not entitled to bring a claim under § 1692e(11).

One court held that where the alleged FDCPA violation was the debt collector's failure to disclose in the oral initial communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, the 1692e(11) claim fails because the Plaintiff lacks standing since he was not the consumer. *Sclafani v. BC Services, Inc.*, 2010 U.S. Dist. LEXIS 115330 (S.D. Fla. 2010). *See*

*Stinson v. Receivables Management Bureau, Inc.,* 2013 U.S. Dist. Lexis 41891 (N.D. Ala. 2013).

In the present case, the Plaintiffs cannot and have not established that they were the consumer and this again is fatal to any cause of action brought under 15 U.S.C. § 1692e(11) or §1692c(c).

Respectfully submitted this 17th day of June, 2014.

E.B. Harrison Willis (WIL 305)
Attorney for Defendant,
Cloud & Tidwell, LLC

Cloud & Willis, LLC
201 Beacon Parkway West, Suite 400
Birmingham, Alabama 35209
Tel.: (205) 322-6060

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on the following by hand delivery as follows:

Albert J. Isaac
Rosetta W. Isaac
617 76th St. S
Birmingham, AL 35206-5227

This 17th day of June, 2014.

E.B. Harrison Willis
Attorney for Defendant,
Cloud & Tidwell, LLC

Cloud & Willis, LLC

11

201 Beacon Parkway West, Suite 400
Birmingham, Alabama 35209
Tel.: (205) 322-6060